IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Scurry, | ) | C/A No. 3:13-2808-JFA-PJG |
|                Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| The Lutheran Homes of South Carolina, Inc., *d/b/a Heritage at Lowman Lutheran Homes of S.C.*; The South Carolina Synod of the Evangelical Lutheran Church in America, Inc., | ) | |
|                Defendants. | ) | |

The plaintiff, Robert Scurry ("Scurry"), filed this employment action alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1981, as well as raising a state law claim for breach of contract. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on a motion to dismiss filed by Defendant South Carolina Synod of the Evangelical Lutheran Church in America, Inc. ("Lutheran Synod") to dismiss Scurry's first and third causes of action against it. (ECF No. 9.) Scurry filed a response in opposition (ECF No. 12), and Defendant Lutheran Synod replied (ECF No. 16). Having reviewed the parties' submissions and the applicable law, the court finds that the Lutheran Synod's motion should be granted.

**BACKGROUND**

This matter arises out of Scurry's former employment with Defendant Lutheran Homes of South Carolina, Inc., d/b/a Heritage at Lowman Lutheran Homes of S.C. ("Lowman Home") as a certified nursing assistant. Scurry alleges that he was terminated in November 2012 because of his race and gender after some of the patients at Lowman Home complained about having a black, male

nurse. On April 3, 2013, Scurry filed an administrative charge of discrimination with the South Carolina Human Affairs Commission against the Lowman Home. He did not name the Lutheran Synod in his administrative charge. Following his receipt of a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC"), Scurry filed the instant lawsuit against both defendants. The Lutheran Synod now moves to dismiss Scurry's Title VII claims against it.

## DISCUSSION

### A.     Motion to Dismiss Standard

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

### B.     Exhaustion of Administrative Remedies

"Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); see also 42 U.S.C. § 2000e-5(f)(1). Exhaustion of administrative remedies is a statutory



prerequisite to properly invoke the jurisdiction of the federal court. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (stating that "that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"); see also 42 U.S.C. § 2000e-5(f).

In the employment discrimination context, courts have interpreted statutory requirements to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)); Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge'") (quoting Equal Employment Opportunity Comm'n v. Gen. Elec. Co., 532 F.2d 359, 365 (4th Cir. 1976)); see also Smith, 202 F.3d at 247 ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit."). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred).

The Fourth Circuit has emphasized:

The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation.
First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning.
Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citations omitted). Therefore, a discrimination suit "is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge." Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994). When a discrimination claim "exceed[s] the scope of the EEOC charge and any charge that would naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

The parties appear to agree that, generally, under Title VII, a civil action may be brought only against the respondent named in the administrative charge. See 42 U.S.C. § 2000e-5(f)(1). "Failure to name a party in the EEOC charge normally means the plaintiff did not exhaust the administrative remedies against [that party], and a district court must dismiss the case." Mayes v. Moore, 419 F. Supp. 2d 775, 782 (M.D.N.C. 2006) (citing Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848

F.2d 457, 458-59 (4th Cir. 1988)).  Scurry relies, however, on an exception that some courts have appeared to recognize when the defendant that was not named in the charge nonetheless received fair notice and the EEOC was able to attempt conciliation with the responsible parties.  EEOC v. Am. Nat'l Bank, 652 F.2d 1176, 1186 n.5 (4th Cir. 1981).  In applying this exception, some courts have used the "substantial identity" test, finding that if unnamed defendants are substantially or functionally identical to named ones, then the plaintiff may sue all defendants in a district court action, despite the failure to name some of them in the administrative action.  Mayes, 419 F. Supp. 2d at 783.  In determining whether the named and unnamed defendants are substantially identical, courts have applied the following factors:  (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC charge; (2) whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.  Id.

Applying these factors to the case at bar, the court concludes that Scurry has failed to show substantial identity between the defendants.  See id.  As the Lutheran Synod points out, Scurry could readily have ascertained its identity, as the Lowman Home's website contains a reference to the Lowman Home's relationship to the Lutheran Synod as one of the Lutheran Synod's ministries. Further, the Lutheran Synod asserts that it is a church body, whereas the Lowman Home, as one of its ministries, operates continuing care retirement communities.  Accordingly, this relationship is not so similar that the interests of the two defendants would render the presence of the Lutheran Synod

unnecessary in the administrative process. As to the third factor, the EEOC filings in the record do not indicate that any party represented the interests of the Lutheran Synod during the administrative proceedings. Finally, Scurry does not assert that the Lutheran Synod in any way represented to him that any relationship between him and the Lutheran Synod was to be through the Lowman Home. Further, the Complaint shows that the two defendants are separate entities, and there appears to be no dispute that they have separate management and directors, and that they are not liable for each other's debts absent grounds for veil piercing, which Scurry does not allege. See id. (applying the factors).[1]

**RECOMMENDATION**

Accordingly, the court concludes that Scurry has failed to properly invoke the court's jurisdiction over his Title VII claims against the Lutheran Synod. The court therefore recommends that the Lutheran Synod's motion to dismiss (ECF No. 9) Scurry's Title VII claims against it be granted.[2]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 10, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] The court observes that Scurry has not only failed to dispute the Lutheran Synod's showing as to the factors, but that he failed to analyze them at all in his response to the Lutheran Synod's motion. Moreover, it is the plaintiff's burden to demonstrate that the court has subject matter jurisdiction over his Title VII claims against this defendant. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

[2] The court notes for housekeeping purposes that should the assigned district judge accept this recommendation, Scurry's causes of action pursuant to 42 U.S.C. § 1981 and for breach of contract against the Lutheran Synod would remain before the court, as well as all of his claims against the Lowman Home.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).